## Kauffman v. Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—"Stop, look and listen" crossing—Contributory negligence—Case for jury.*

In an action for damages for personal injuries sustained in a railroad crossing accident the case is for the jury and a verdict for the plaintiff will be sustained where it appears by the testimony of plaintiff's witnesses that she stopped, looked and listened at the usual place for stopping, one hundred feet from the tracks of the defendant railroad, at which point she could see the tracks for sixteen hundred feet; that she continued to look and listen as she drove upon the crossing and first saw the train when she was half way across and when it was eight hundred feet away and running seventy-five miles an hour; that the crossing was unguarded by gate or flagman and no warning of the approach of the train was heard; and that the rear of the wagon in which plaintiff was driving was struck on the last rail of the last track.

Argued May 13, 1912.   Appeals, Nos. 220 and 221, Jan. T., 1911, by defendant, from judgments of C. P. Lancaster Co., Sept. T., 1910, No. 10, on verdict for

plaintiff in case of Daniel G. Kauffman and Fianna B. Kauffman v. Pennsylvania Railroad Company.    Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass for personal injuries.    Before HASSLER, J. The opinion of the Supreme Court states the case.

The jury found a verdict of $3,000 in favor of the plaintiff, Fianna B. Kauffman, and of $1,000 in favor of plaintiff, Daniel G. Kauffman, upon which judgments were entered.    Defendant appealed.

*Error assigned* was in refusing binding instructions for the defendant.

*W. U. Hensel,* for appellant.

*J. W. Appel,* of *Appel & Appel,* with him *T. Roberts Appel,* for appellee.

PER CURIAM, July 2, 1912:

One of the plaintiffs, Fianna B. Kauffman, was injured at a diagonal grade crossing of the defendant's road, where there were four tracks.    According to her testimony, and that of her witnesses, she stopped, looked and listened one hundred feet from the tracks, where there was a danger signal erected by the defendant. This was the usual place for stopping and from it she could see the tracks for the distance of sixteen hundred feet in the direction from which the train came.    She continued to look and listen as she drove on the crossing and first saw the train when she was half way over the tracks and when it was eight hundred feet from her and running seventy-five miles an hour.    The rear of her wagon was struck on the last rail of the last track. The crossing was unguarded by gate or flagman, and no warning of the approach of the train, if given, was heard by her.

Since the train may have come into view after she was committed to the act of crossing, it could not be said by the court that she negligently went on in the presence of danger which she either saw or should have seen. The question of negligence was, therefore, for the jury.

The judgment is affirmed.